# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SEUN INTA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:03 CV 1654 DDN |
| | ) |
| DAVE DORMIRE, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER
# TRANSFERRING ACTION TO COURT OF APPEALS

This action is before the court on the motions of Seun Inta for relief under Fed. R. Civ. P. 60(b). (Docs. 39, 58, 59.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 7.)

## I. BACKGROUND

On January 10, 2001, petitioner Seun Inta pled guilty in the Circuit Court of Jefferson County to one count each of second degree murder, armed criminal action, first degree assault, and first degree burglary. (Doc. 8, Ex. B at 51.) The court sentenced him to 30 years imprisonment for second degree murder, 20 years imprisonment for armed criminal action, and 15 years imprisonment each for first degree burglary and first degree assault. (Id. at 52.) The court ordered that the sentences for murder and armed criminal action run consecutive to each other and that the sentences for burglary and assault run concurrently with each other and with the sentences for murder and armed criminal action. (Id.)

On June 25, 2001, petitioner filed a motion for post-conviction relief under Mo. Sup. Ct. R. 24.035. (Id. at 7-8.) On April 10, 2002, following a hearing, the court denied

the motion.  (Id. at 34-40.)  Petitioner appealed the denial.  (Id., Ex. C.)  The Missouri Court of Appeals affirmed.  (Id., Ex. E.)  Petitioner then moved for rehearing or transfer to the Missouri Supreme Court, which was denied. (Id., Exs. F, G.)

On November 17, 2003, petitioner commenced this federal habeas action under 28 U.S.C. § 2244(d)(1), alleging that he received ineffective assistance of counsel and was denied due process, because:

> (1) His trial counsel failed to pursue a possible self-defense theory and investigate witnesses whom petitioner made known to her.
>
> (2) His guilty plea was not knowing and voluntary because he relied on his trial counsel's misrepresentation of the amount of time to be served under the plea agreement.

(Doc. 2.)

On October 18, 2004, with leave of court, petitioner filed an amended federal habeas petition, asserting the following additional grounds for relief:

> (3) Petitioner possessed meager English speaking or understanding skills at the time of his guilty plea.
>
> (4) The interpreter misinterpreted petitioner during his trial counsel's interrogation.
>
> (5) Petitioner's appointed post-conviction relief counsel failed to include in the amended post-conviction relief motion the grounds for relief that petitioner had alleged in his pro se motion.
>
> (6) An assistant public defender who had not been originally involved in the case and who advised petitioner to simply say only "Yes" at the plea hearing represented petitioner at the guilty plea proceeding.
>
> (7) Petitioner was not able to effectively provide any information to his trial counsel.
>
> (8) Petitioner was unable to understand the consequences of a guilty plea.
>
> (9) Petitioner believed that going to trial would result in an automatic death penalty.

(Doc. 16 at 1.)

On July 20, 2005, this court found Grounds 1 and 2 without merit and Grounds 3 through 9 procedurally barred. (Doc. 19.) On July 26, 2005, petitioner filed a notice of appeal to the Eighth Circuit. (Doc. 21.) On May 9, 2006, the Eighth Circuit dismissed petitioner's appeal. (Doc. 29.)

On November 7, 2012, petitioner filed a pro se motion in this court to request relief under Fed. R. Civ. P. 60, although the record indicates that he attempted to do so about a month earlier. (Docs. 32, 39.) On November 20, 2012, the court appointed counsel for petitioner. (Doc. 44.) On December 3, 2012, the court appointed an interpreter for the purpose of allowing appointed counsel to interview petitioner regarding the Rule 60 motion. (Doc. 49.) On March 29, 2013, petitioner filed a pro se motion for clarification, in which he seeks a hearing on the merits of his claims. (Doc. 58.) On April 24, 2013, petitioner filed an amended Rule 60 motion with the assistance of appointed counsel. (Doc. 59.)

Because petitioner's amended Rule 60 motion incorporates the pro se motions for Rule 60(b) relief and for clarification, the court construes the amended Rule 60 motion as including the substance of those motions. Accordingly, the court denies as moot the pro se motions for Rule 60(b) relief and for clarification.

## II. DISCUSSION

Respondent argues that petitioner's Rule 60(b) motion is a successive habeas petition under the Antiterrorism and Effective Death Penalty Act (AEDPA), 18 U.S.C. § 2244.

If a purported Rule 60(b) motion presents a habeas claim, then the court must construe the motion as a successive habeas petition. Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009). In this context, a claim is an asserted basis in federal law for relief from a state court's judgment or is an attack on the federal court's previous resolution on the merits. Id. However, a Rule 60(b) motion may validly attack the integrity of the federal habeas proceedings or assert the erroneous nature of a ruling that precluded a

-3-

determination on the merits, including the denial of a habeas petition for failure to exhaust, for procedural default, or due to the statute of limitations.  Id.

The Supreme Court of the United States has stated that "claims" include allegations of failures to assert a claim due to the neglect of a petitioner or counsel, requests to present evidence in support of a previously denied claim, or contentions that a change in substantive law affects a previously denied claim.  Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).  To find otherwise would contravene the requirements of AEDPA for successive habeas petitions.  Id. at 531-32.

In the Rule 60(b) motion, petitioner states that he failed to request an evidentiary hearing that would have produced evidence supporting Grounds 1 and 2, which the court denied on the merits.  He attributes this failure to his subpar understanding of the English language and to his being without counsel and not having an interpreter.  He further states that, since the court dismissed his habeas petition, the Supreme Court of the United States has issued opinions applicable to his case, including Missouri v. Frye, 132 S.Ct. 1399 (2012.)  Petitioner further argues that the affidavit of his daughter constitutes evidence of actual innocence sufficient to avoid any procedural bar for Grounds 3 through 9 and requests the deposition of his daughter.  Although the motion contains elements of both a successive habeas petition and a Rule 60(b) motion, the court notes the concerns of the Supreme Court and the Eighth Circuit regarding adherence to AEDPA procedure.  See Gonzalez, 545 U.S. at 531-32; Ward, 577 F.3d at 933.  Accordingly, the court construes the Rule 60(b) motion as an attack on this court's prior resolution of petitioner's grounds on the merits, and, therefore, as a successive habeas petition.

The AEDPA requires petitioner Inta to obtain an authorization order from the Eighth Circuit Court of Appeals as a prerequisite to filing a successive habeas petition with this court.  28 U.S.C. § 2244(b)(3).  The record does not contain such an order.  The Eighth Circuit has instructed that, in such instances, the court may choose to dismiss the motion for failure to obtain authorization or transfer the motion to the Eighth Circuit. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).  Accordingly, the court transfers petitioner's motion to the Eighth Circuit.

## III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the pro se motion of petitioner Seun Inta for relief under Fed. R. Civ. P. 60(b) (Doc. 39) is denied as moot.

**IT IS FURTHER ORDERED** that the pro se motion of petitioner Seun Inta for clarification (Doc. 58) is denied as moot.

**IT IS FURTHER ORDERED** that the amended motion of petitioner Seun Inta for relief under Fed. R. Civ. P. 60(b) (Doc. 59) is transferred to the Eighth Circuit Court of Appeals in accordance with Boyd v. United States, 304 F.3d 813 (8th Cir. 2002).


/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 28, 2013.